IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV354-01-MU

| | |
|---|---|
| THOMAS A. HOCKADAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN UNDERWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed August 16, 2006. After careful consideration, for the reasons set forth herein, Plaintiff's Complaint is dismissed.

In his Complaint Plaintiff states that he filed a civil case in state court regarding his medical care following an accident that occurred while he was in prison. He further asserts that this state civil case was wrongfully dismissed as frivolous. Plaintiff appealed the dismissal to the North Carolina Court of Appeals where the superior court's ruling was upheld. He now asks this Court to "rescue [him] from the intent of defendants to escape civil liability to serve the public interest." In addition, Petitioner requests that this Court "remand this case back to state superior civil court and cause respondent(s) to answer the civil complaint forthwith."

Pursuant to 28 U.S.C. § 1738, state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the state from which they are taken. Consequently, it is well-settled that a federal court must give the same preclusive effect to a state-court judgment as would be given that judgment under the law of the state in which the

judgment was rendered.  See Migra v. Warren City Sch. Dist. Bd. Edu., 465 U.S. 75 (1984).  The law of the state governs whether a prior judgment should be given preclusive effect.  Id. at 80.  In North Carolina "under res judicata as traditionally applied, a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them."  Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428 (1986).  "The doctrine prevents the relitigation of  "all matters . . . that were or should have been adjudicated in the prior action."  Whitacre Partnership v. BioSignia, Inc., 358 N.C. 1, 15 (2004).

In the instant case, the state court issued a final judgment on the merits and Plaintiff is suing the same parties in this Court that he sued in his earlier state court proceeding.  In addition, Plaintiff presents the same claim in this Court that he presented in state court.  As such, under North Carolina law, the earlier judgment would be given preclusive effect and this Court may not consider his claim.

Moreover, even if Plaintiff's Complaint were not dismissed on the basis of res judicata, the Court notes that he seeks a remedy this Court cannot grant in the circumstances presented by his case.  That is, this Court cannot require the Superior Court of North Carolina to rehear his state civil case.  As such, at a minimum, Plaintiff's case is dismissed on that basis.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: August 28, 2006

Graham C. Mullen
United States District Judge